Michael J. Frevola
Christopher R. Nolan
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
michael.frevola@hklaw.com
christopher.nolan@hklaw.com



15 CV 492

ATTORNEYS FOR PLAINTIFF
ELUX INTERNATIONAL, INC.



RECEIVED
JAN 22 2015
U.S.D.C. S.D. N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELUX INTERNATIONAL, INC.,

Plaintiff,

-against-

*M/V SUEZ CANAL BRIDGE*, her engines, tackle, boilers, etc., *in rem*, and VIRGO CARRIERS CORP. S.A., SEA QUEST SHIP MANAGEMENT INC., and LEADER INTERNATIONAL EXPRESS CORP., *in personam*,

Defendants.

Civil Action No.:

**COMPLAINT**

Plaintiff ELUX International, Inc. ("ELUX"), by its attorneys Holland & Knight LLP, respectfully files this Complaint against Defendants *M/V SUEZ CANAL BRIDGE*, her engines, tackle, boilers, etc. (the "Vessel"), *in rem*, and Virgo Carriers Corp. S.A. ("Virgo"), Sea Quest Ship Management Inc. ("Sea Quest"), and Leader International Express Corp. ("Leader"), *in personam* (collectively "Defendants"), and allege upon information and belief as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated on 28 U.S.C. § 1333.

2.      ELUX seeks recovery for nondelivery, shortage and loss to a shipment of 1620 cartons of flat screen televisions (the "Cargo") shipped under Leader Bill of Lading LDRSHA13121391 dated January 6, 2014 (the "BoL") in container GVCU5145961 (the "Container"), which Container was lost overboard during the Vessel's voyage (the "Voyage").

3.      Venue is proper is this District as the BoL includes a Southern District of New York forum selection clause and states that New York is the intended port of discharge and place of delivery for the Cargo.  It also is proper as the Vessel has provided a Letter or Undertaking in lieu of ELUX's arresting the defendant Vessel to establish *in rem* jurisdiction over the defendant Vessel here.

4.      At all material times, Plaintiff ELUX was and is a corporation organized and existing under the laws of the State of California with a place of business at 17800 Castleton Street, Suite 306, City of Industry, CA 91748 and was the owner/consignee of the Cargo.  ELUX brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the referenced Cargo, as their respective interests may ultimately appear, and ELUX is entitled to maintain this action.

5.      At all material times, the defendant Vessel is an ocean going container ship that carried containerized cargo which is the subject matter of this lawsuit, from China to the United States.  The defendant Vessel has provided a Letter of Undertaking on ELUX's claim as substitution for the *res* of the defendant Vessel.

6.      At all material times, defendant Virgo was and is a foreign corporation with a place of business c/o Sea Quest Management Inc., Room 3B, St. Jude Building, 1020 General

2

Malver Street, Makate, Manila, Philippines, and was and is the owner and/or operator and/or manager of the defendant Vessel. At all material times, Virgo was and is still doing business within the jurisdiction of this Honorable Court. This Court also has personal jurisdiction over Virgo by virtue of the jurisdiction clause contained in the applicable contract of carriage, which provides that disputes arising under that contract or in connection therewith are subject to U.S. law and shall be determined by the courts of New York.

7. At all material times, defendant Sea Quest was and is a foreign corporation with a place of business at Room 3B, St. Jude Building, 1020 General Malver Street, Makate, Manila, Philippines, and was and is the owner and/or operator and/or manager of the defendant Vessel. At all material times, Sea Quest was and is still doing business within the jurisdiction of this Honorable Court. This Court also has personal jurisdiction over Sea Quest by virtue of the jurisdiction clause contained in the applicable contract of carriage, which provides that disputes arising under that contract or in connection therewith are subject to U.S. law and shall be determined by the courts of New York.

8. At all material times, defendant Leader was and is a corporation organized and existing under the laws of the State of California with a place of business located at 218 Turnbull Canyon Road, City of Industry, CA 91745. At all relevant times, Leader was and still is doing business within the jurisdiction of this Honorable Court as a non vessel owning common carrier. This Court also has personal jurisdiction over Leader by virtue of the jurisdiction clause contained in the applicable contract of carriage, which provides that disputes arising under that contract or in connection therewith are subject to U.S. law and shall be determined by the courts of New York. Defendant Leader is the principal on an Ocean Transportation Intermediary Bond on file with the Federal Maritime Commission.

9. In December 2013, Defendants contracted to carry the Cargo from the place of receipt at or near Yantian, China to the intended place of delivery at New York on board the defendant Vessel.

10. On or about December 30, 2013, the Cargo was delivered into the care, custody and control of Defendants at or near Yantian, China and loaded aboard the defendant Vessel.

11. The Cargo was in good order and condition at the time of receipt by Defendants and/or entities acting on their behalf, at or near Yantian, and remained in such good order and condition upon its loading on board the defendant Vessel.

12. Defendants, and/or entities acting on their behalf, provided the Container for the Cargo and designated the defendant Vessel to carry the Cargo from Yantian to New York.

13. The BoL was issued by one or more of the Defendants and it identifies the Defendants as the carrier and the defendant Vessel as the carrying vessel.

14. The Defendants and defendant Vessel failed to deliver the Cargo at the intended discharge port and no subsequent delivery of the Cargo has been tendered.

15. According to Defendants and/or entities acting on their behalf, the Container was lost overboard during the Voyage.

16. The aforesaid nondelivery, shortage and loss of the Cargo was caused by (a) Defendants' and the defendant Vessel's breaches and violations of its nondelegable duties as a common carrier of cargo for hire; (b) Defendants' and defendant Vessel's failure properly to load, stow, secure, lash, carry, care for, discharge and deliver the subject Cargo; (c) the unseaworthiness of the defendant Vessel (including but not limited to its container securing system) and the Container; and (d) by other circumstances for which Defendants and the defendant Vessel are liable to ELUX under the applicable statutory law, including the Carriage

#34472383_v2

of Goods by Sea Act, 46 U.S.C. §30701 *et seq.*, the general maritime law and the governing carriage contracts.

17. As a proximate cause of the foregoing, ELUX has sustained damages in the amount of $230,013.00.

WHEREFORE, ELUX respectfully prays:

1. That process in due form of law issue against Defendants and the defendant Vessel, citing them to appear and answer all and singular the aforesaid matters;

2. That judgment be entered against Defendants and the defendant Vessel, jointly and severally, in the amount of $230,013.00, together with incidental expenses, plus pre-judgment interest;

3. That ELUX be awarded its attorneys' fees and all of costs incurred in this proceeding; and

4. That the Court award such other and further relief as the Court deems just and proper.

Dated: January 22, 2015
       New York, New York

Respectfully submitted,

By: /s/ Michael J. Frevola

Michael J. Frevola
Christopher R. Nolan
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
Email: michael.frevola@hklaw.com
       christopher.nolan@hklaw.com

*Counsel for ELUX International, Inc.*